[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (de DEFENDANT'S MOTION FOR MODIFICATION (150)
The parties' marriage was dissolved by judgment rendered January 6, 1993 at which time a written stipulation that provided for alimony in addition to an equitable disposition of personal and real property between the parties was found by the court to be fair and equitable. The court approved it and ordered it made a part of the judgment file.
The stipulation contains the following paragraph: CT Page 15734
 "Upon Husband's retirement, the court upon application by the wife will take a second look as to alimony, health insurance payments and life insurance to be paid to the Wife with consideration given to postretirement earnings of the Husband and of the Wife."
The plaintiff, who was born on November 8, 1928, was obliged to retire from his law firm on December 31, 1998, having attained 70 years of age. No alimony has been paid in 1999 since the stipulation provides that:
 "The Husband shall pay to the Wife as alimony on the first day of each month until the Wife dies, the Husband dies, the Husband retires . . ."
The alimony stream was based on the plaintiff's gross earnings as set forth in his K-1 from his law firm with $130,000 fixed as the annual minimum due defendant from plaintiff.
The defendant filed the present motion pursuant to the stipulation's provision allowing her to do so.
The court notes that the phrase:
 ". . . with consideration given to postretirement earnings of the Husband and of the wife."
must be given meaning. The court finds that such phrase was intended to allow the defendant to continue to share in the plaintiff's earnings after retirement earned as a consultant, of counsel work, or other earnings generated by his professional skills. The plaintiff has not engaged in any such activities since retiring.
The plaintiffs retirement also activated the following provisions:
 "8. Hughes, Hubbard Reed Accounts: Upon the Husband's retirement, the Wife shall receive 50% of the value as of the date of Decree of the Husband's HR-10 account at Hughes, Hubbard Reed plus 40% of the growth from the date of the Decree of Dissolution in such account until the Husband's date of retirement from Huges, Hubbard Reed.
 The Husband shall receive all funds in his capital account at CT Page 15735 Hughes, Hubbard Reed and his reserve account at Hughes, Hubbard Reed.
 In addition, pursuant to a QDRO, the Wife shall receive 40% of the income as of the date of the Husband's retirement to be paid each year from the Husband's refunded retirement plan at Hughes, Hubbard Reed."
The retirement stream of income was divided for the benefit of the defendant. She is not without income.
The court views the wording:
 ". . . with consideration given to postretirement earnings . . ."
as limiting language intended to remove the second look from the ambit of § 46b-86 (a), confining the review "to postretirement earnings".
There are no postretirement earnings to be shared and there is no basis to extend the alimony. The wording of "2. Health Insurance" and of "3. Life Insurance" are drawn so as to be dependent upon the duty to pay alimony to the wife. Since the court has found no basis to extend the alimony, these two provisions are also terminated.
The defendant's Motion to Modify is denied.
HARRIGAN, J.